No. 26225

**The People of the State of Colorado v. Joseph R. Atencio**
(524 P.2d 613)

Decided July 15, 1974.

John P. Moore, Attorney General, John E. Bush, Deputy,

L. James Arthur, Assistant, for The People of the State of Colorado.

H. E. Carleno, for attorney-respondent.

MR. CHIEF JUSTICE PRINGLE delivered the opinion of the Court.

This is an original proceeding in discipline against Joseph R. Atencio who was admitted to practice law in the State of Colorado on or about February 16, 1948.

The matter is before us on the basis of findings of fact, conclusions and recommendations of the Supreme Court Grievance Committee. A hearing was held at which respondent appeared and was represented by counsel. The grievance committee found that the respondent was employed by one Richard Alvarado to represent him on a felony check charge. Mr. Alvarado was released on a personal recognizance bond but did not appear at the appointed time for a preliminary hearing. A bench warrant was issued for him and respondent was so advised.

Respondent talked several times with Mr. Alvarado and a friend of Mr. Alvarado after the warrant was issued and advised them that he was taking care of the matter. In effect, he did nothing until after the complainant had been in jail for 16 days. Thereafter, he did file a petition to reinstate the bond which was immediately granted.

The committee was of the opinion that the actions of the respondent with respect to this matter constituted gross negligence of legal matters entrusted to him.

It also appears that the respondent commenced a divorce action in the middle of July of 1971 against a defendant in Pennsylvania by having a summons and complaint served by a sheriff in Pennsylvania. The sheriff returned the original summons showing a service date of July 22, 1971. The

complaint and summons were never filed in the Colorado courts. In the spring of 1972, respondent prepared a complaint for dissolution of marriage. He then altered the original summons in the earlier divorce case to indicate that it was related to an action for dissolution of marriage and altered the date on the face of the summons. He also altered the date of service from July 22, 1971 to April 13, 1972 and the notarization was likewise changed. The complaint and this summons were filed with the District Court of Arapahoe County.

At the hearing before the trial judge on the dissolution of marriage and thereafter, it became apparent to the court that the changes had been made and that the court had no jurisdiction of the matter. The trial court thereafter dismissed the action. Later a new action was instituted and service properly had and another attorney then completed the proceedings. The committee found that the actions of the respondent with respect to these alterations were deliberate misrepresentations with intent to deceive the court.

Because of the seriousness of these matters and because this respondent had been previously censured by this Court, the committee recommended disbarment. We agree and it is the order of the Court that the respondent, Joseph R. Atencio, be disbarred and that his name be stricken from the roll of attorneys licensed to practice law in the State of Colorado.